# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | No. 22-CR-91-CJW-MAR |
| Plaintiff, | | |
| vs. | | **MEMORANDUM OPINION AND ORDER** |
| ALBERT MCREYNOLDS, | | |
| Defendant. | | |

_____

## I.    INTRODUCTION

This matter is before the Court on the government's request to have the jury determine whether defendant has a prior qualifying conviction under Title 21, United States Code, Section 851 that would result in an enhanced sentence if defendant is convicted.  The government raised this issue obliquely, by requesting a jury instruction, and arguing that the evidence of defendant's prior felony drug convictions are admissible not under Rule 404(b) or any other rule of evidence but because the government believes the jury must decide whether defendant has qualifying prior convictions.  (Docs. 272 & 273).  The government provided no authority to support the proposition that whether an offender has a qualifying offense under Section 851 is a jury decision.  Defendant objects to this issue being presented to the jury but, if it is, argues that it should be presented to the jury only if and after the jury finds defendant guilty of the drug trafficking offense. (Doc. 269).

Through the Court's research, it has determined that the government's position is spurred by a Department of Justice memorandum that instructs United States Attorney's Offices to seek a jury decision on this issue based on the Department's interpretation of

the First Step Act.[1]  With due respect to the Department of Justice, the Court disagrees that the question of whether an offender has a qualifying offense under Section 851 is a matter for the jury to decide.  Because the legal authority on this issue is scant, and because it is apparently an issue that will resurface, given the Department of Justice's position on the matter, and to allow the government an opportunity to seek interlocutory appeal on this issue if it desires, the Court finds it appropriate to issue a written order on the matter in advance of trial (scheduled to begin in three court days).  Because time is of the essence, the Court will necessarily be succinct, relying largely on the work of other district court judges who have addressed this issue.

## II.    BACKGROUND

On November 2, 2022, a grand jury charged defendant again, this time in a six-count indictment, along with eight other defendants.  (Doc. 11).  Defendant is charged in Counts 1 through 3 of the indictment.  Count 1 charges him with conspiring between on or about September 2020 to on or about November 2021 to distribute "500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, 50 grams of actual (pure) methamphetamine, commonly called 'ice' methamphetamine," in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 846 and 851.  (*Id.*, at 1-2).  Count 1 alleges that defendant committed this offense after having been previously convicted of felony drug trafficking

---

[1] On June 3, 2019, the Executive Office for United States Attorneys issued a memorandum regarding the First Step Act and specifically stated that the two additional factual predicates should be sent to the jury:

> In the second phase, the jury should be issued a special verdict form asking it to find, beyond a reasonable doubt, two facts for each "serious drug felony" predicate: (1) that the defendant served more than 12 months in prison for the predicate conviction; and (2) that he was released from serving any term of imprisonment for that offense within 15 years of the commencement of the underlying drug-trafficking offense (identified in the special verdict form by count number).

offenses in this Court in 2017. Count 2 charges defendant with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h). (*Id.*, at 2-3). Count 3 charges defendant with engaging in a monetary transaction with property derived from specified unlawful activity, that is the distribution of controlled substances, in violation of Title 18, United States Code, Section 1957. (*Id.*, at 3).

In a resistance to defendant's motion in limine, the government stated it did not intend to offer evidence of defendant's prior felony drug trafficking convictions in its case-in-chief under Rule 404(b). (Doc. 239-1, at 2). But in a response to defendant's motion to bifurcate any trial to the jury about his prior convictions, the government nevertheless resists bifurcation and suggests that it should be permitted to present evidence of defendant's prior convictions for purposes of determining his punishment. (Doc. 272).

## III.    DISCUSSION

Title 21, United States Code, Section 841 prohibits the distribution of controlled substances, and Section 846 makes it a crime to conspire to do so. Section 841 provides for a sentencing enhancement in the case of a violation involving, as relevant here, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, or 50 grams or more of actual (pure) methamphetamine, "[i]f any person commits such a violation after a prior conviction for a serious drug felony." *Id.* § 841(b)(1)(A). If the requirements for the enhancement are met, "such person shall be sentenced to a term of imprisonment of not less than 15 years and not more than life imprisonment." *Id.*

The statute defines a "serious drug felony" as "an offense described in section 924(e)(2) of [T]itle 18 for which . . . the offender served a term of imprisonment for more than 12 months; and . . . the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." 21 U.S.C. § 802. Section

Case 1:22-cr-00091-CJW-MAR    Document 274    Filed 10/26/23    Page 3 of 8

924(e)(2) describes, as relevant here, a serious drug offense as being a federal drug trafficking offense "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(i).

Section 851 sets forth procedures to establish prior convictions for the purpose of increased punishment under the statute. *See* 21 U.S.C. § 851. The section requires a notice, or an "information," to be filed by the government prior to trial or entry of a guilty plea that "stat[es] in writing the previous convictions to be relied upon." *Id.* § 851(a)(1). If such notice is given, as it was here, the Court is required "after conviction but before pronouncement of sentence [to] inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information" and to "inform [defendant] that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." *Id.* § 851(b).

If a defendant "denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid," the defendant is required to "file a written response to the information." *Id.* § 851(c)(1). Likewise, if a defendant claims that "a conviction alleged in the information was obtained in violation of the [United States] Constitution," the defendant "shall set forth his claim, and the factual basis therefor, with particularity" in the response. *Id.* § 851(c)(2). Failure to file a response, in effect, constitutes affirmation of the sentencing enhancement based on the prior conviction alleged in the information. *See id.* §§ 851(b), (c)(2), (d)(1) ("If the person files no response to the information, . . . the court shall proceed to impose sentence upon him as provided by this part.").

In the event defendant files a response, the Court must "hold a hearing to determine any issues raised by the response which would except the person from increased punishment," and that "hearing shall be before the court without a jury and

either party may introduce evidence." *Id.* § 851(c)(1) (emphasis added). At that hearing, the government has "the burden of proof beyond a reasonable doubt on any issue of fact," except for challenges to convictions on the basis that they were "obtained in violation of the Constitution of the United States" in which case the defendant has "the burden of proof by a preponderance of the evidence on any issue of fact raised" in his or her response to the information. *Id.* § 851(c)(2).

To suggest, as the government does, that it is for the jury to determine whether defendant has qualifying offenses runs contrary to the plain language of the statue. *See United States v. Lee*, NO. 7:18-CR-153-FL-1, 2021 WL 640028, at *4-5 (E.D. N.C. Feb. 18, 2021) (finding that having a jury decide whether an offender has a qualifying conviction under Section 851 is contrary to the plain language of the statute). As another court stated, "Congress could have scarcely been clearer." *United States v. Fitch*, Cause No. 1:19-CR-30-HAB, 2022 WL 1165000, at *1 (N.D. Ind. Apr. 19, 2022). *See also United States v. Pope*, Case No. 3:20-cr-795, 2022 WL 2439774, at *4 (N.D. Ohio July 5, 2022) (rejecting a defendant's request for a jury instruction to have it decide whether the defendant had a qualifying offense under Section 851). It also runs contrary to the United State Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), in which the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

The Court is aware that the First Step Act changed the substantive components of the definition of a qualifying prior conviction, without mentioning the procedural requirements of Section 851. Before the First Step Act, Section 841's enhancement required a "prior conviction for a felony drug offense," defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic

drugs, marihuana, anabolic steroids, or depressant or stimulant substances." *See* 21 U.S.C. §§ 841(b)(1)(A), 802(44) (2016). Now, after the First Step Act, Section 841 requires a "prior conviction for a serious drug felony," defined as an offense in Title 18, United States Code, Section 924(e) for which the "offender served a term of imprisonment of more than 12 months" and for which the offender was "release[d] from any term of imprisonment . . . within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(57); *see* First Step of 2018, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5520-21 (codified as amended at 21 U.S.C. §§ 802(57), 841(b)(1)). Nothing in the First Step Act, however, stated that the change in definition now requires a jury to determine whether a prior conviction qualifies under Section 851. Thus, one could only argue that the insertion of the new factors about the nature of the defendant's incarceration and the time of release amended Section 851 by implication, creating factual decisions that only a jury can make.

But Congress does not change explicit statutory language by implication. *See Waterfront Comm'n of N.Y. Harbor v. Elizabeth-Newark Shipping, Inc.*, 164 F.3d 177, 183 (3d Cir. 1998) ("[I]t is doubtful that the legislatures would have, by means of a supplementary definition[,] . . . undertaken, *sub silentio*, to render a separate definition in another section of the statute superfluous.") (emphasis in original). And the Eighth Circuit Court of Appeals has rejected the theory that Congress amended Section 841 by implication through the Frist Step Act. *See United States v. Corona-Verduzco*, 963 F.3d 720, 724 (8th Cir. 2020) ("[W]hile the [First Step Act] reduced mandatory minimums, it did not amend the structure and procedure for the § 841(b)(1)(A) enhancements or the general purpose of the statute." (citing 21 U.S.C. §§ 802(13), 841(a), 851)). In short, the plain language of Section 851 remains in effect, and it explicitly states that it is for courts to decide—not juries—whether an offender has a qualifying offense under Section 851.

The Court is aware that one district court has found that the First Step Act somehow created a Sixth Amendment right for a jury to decide whether an offender has a qualifying offense. *See United States v. Delpriore*, Case No. 3:18-cr-00136-SLG-MMS, 2023 WL 4735031 (D. Alaska Mar. 20, 2023). With respect, though, that decision is an outlier and ignores the plain text of Section 851. It was also decided by a Court in a circuit that has not already found, like the Eighth Circuit has found, that the First Step Act did not amend the structure and procedure for Section 841(b)(1)(A) enhancements.

Another district court previously found that the question of whether an offender had a qualifying offense under Section 851 was a matter for the jury to decide. *See United States v. Fields*, 435 F. Supp. 3d 761 (E.D. Ky. 2020). Consistent with its ruling, the district court judge then submitted the issue to the jury at trial, which found the defendant's prior conviction did qualify under Section 851. On appeal, the Sixth Circuit Court of Appeals disagreed with the district court, holding that the First Step Act did not remove the decision from the court, although it held that the statute did not prohibit the district court from sending the question to the jury. *United States v. Fields*, 53 F.4th 1027, 1039-43 (6th Cir. 2022). Again, with respect, this Court disagrees. Section 851 explicitly states that a court, not a jury, is to decide this issue.

Last, the posture of this case is unique, in some ways, from the other cases addressing this issue. In each of the other reported decisions, the defendant either alone, or with the government, argued in favor of having the jury decide whether a prior conviction qualified under Section 851. Here, defendant opposes sending this issue to the jury. Further, here, the jury would otherwise be unaware of defendant's prior felony drug trafficking convictions during the government's case-in-chief but for the government's assertion that the jury should know about his conviction for purposes of sentencing. If the Court is going to err on this issue, it seems better to err in a manner

that is consistent with defendant's position than the government's. In any event, having asked the Court to not have the jury decide this issue, defendant will have likely waived any claim that the Court should have done so.

## IV.    CONCLUSION

For these reasons, the Court **denies** the government's request for a jury instruction to have the jury decide whether defendant has a qualifying offense under Section 851, **prohibits** the government from offering evidence of such convictions in its case-in-chief for that purpose, and **denies as moot** defendant's request to bifurcate the trial. (Doc. 269).

**IT IS SO ORDERED** this 26th day of October, 2023.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

8